UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

| IN RE: | CASE NO: 23-00035 |
|---|---|
| Cornelius Aiken | CHAPTER 13 |
| DEBTOR(S) | |

Address: 1102 Torch Pines Rd, Ladson SC 29456

Last four digits of Social-Security or Individual Tax-Payer-Identification (ITIN) No(s)., (if any): xxx-xx-1732

# NOTICE OF CONFIRMATION HEARING

The debtor(s) in the above captioned case filed a chapter 13 plan on **March 22, 2023**. The plan is attached, or will be separately mailed to you by the debtor(s).

**Your rights may be affected by the plan. You should read the plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

Any objection to confirmation of the chapter 13 plan must be filed with the Court at 1100 Laurel Street, Columbia, SC 29201-2423 and served on the chapter 13 trustee, the debtor(s), and any attorney for the debtor(s) at least seven days prior to the confirmation hearing. Objections to confirmation may be overruled if the objecting party fails to appear and prosecute the objection. If no objection is timely filed, the plan may be confirmed on recommendation of the trustee.

The confirmation hearing will be held on **April 27, 2023 at 10:00 AM** Location: **145 King St, Charleston SC**.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the plan and may enter an order confirming the plan.

Date: **March 21, 2023**

/s/ David C. Gaffney
David C. Gaffney 10112
P.O. Box 3966
West Columbia, SC 29171-3966
803-781-0500
803-454-9900
david@gaffneylawfirm.com

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | Cornelius Aiken |
| | First Name   Middle Name   Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name   Middle Name   Last Name |
| United States Bankruptcy Court for the: | **DISTRICT OF SOUTH CAROLINA** |
| Case number: | 23-00035 |
| (If known) | |

☑ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☑ Pre-confirmation modification
☐ Post-confirmation modification

plan filed 1/13/2023 (ECF 14) is modified as follows:

part 1.3 no longer checks the included box for nonstandard provisions.

part 2.1 decreases the plan payment in month 3.

part 3.1b adjusts the pre-petition arrearage and the monthly payment on the arrearage based on the POC filed by US Bank.

part 3.1e is removed.

part 8.1a is removed.

District of South Carolina

# Chapter 13 Plan

5/22

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.
4414
If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely objection to confirmation. **To determine the deadline to object to this plan, you must consult the Notice of Bankruptcy Case or applicable Notice/Motion served with this plan**. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☐ Included | ☑ Not Included |
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☐ Included | ☑ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☐ Included | ☑ Not Included |
| 1.4 | **Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8** | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1**   The debtor will pay the trustee as follows:

 **$871.00**  per **Month** for **2** months
 **$822.00**  per **Month** for **58** months

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court, unless otherwise ordered.

**2.2**   **Regular payments to the trustee will be made from future income in the following manner:**
☐   The debtor will make payments pursuant to a payroll deduction order.
☐   The debtor will make payments directly to the trustee.
☑   Other (specify method of payment):
Db will pay via TFSBillpay.

**2.3 Income tax refunds.**
☑   The debtor will retain any income tax refunds received during the plan term.

☐   The debtor will treat income refunds as follows:

**2.4 Additional payments.**
☑   **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

**Part 3:    Treatment of Secured Claims**

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1**    **Maintenance of payments and cure or waiver of default, if any.**
☑   **3.1(b)** The debtor is in default and will maintain the contractual payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor. The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

| Name of Creditor | Collateral | Estimated amount of arrearage | Interest rate on arrearage (if applicable) | Monthly payment on arrearage |
|---|---|---|---|---|
| U.S. Bank National Association | **1102 Torch Pine Road Ladson, SC 29456  Berkeley County TMS: 233-14-02-016 inherited from mother (Albertha F. Gadsden)  in 7/2014 Value based on Zillow.** | **$33,982.53** Includes amounts accrued through the **December 2022 payment** | 0.00% | $567.00 (or more) |

**3.2**    **Request for valuation of security and modification of undersecured claims.**
☑   **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3**    **Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**
☑   **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

**3.4**    **Lien avoidance**.
☑   **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

3.5    **Surrender of collateral.**
☑    **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

## Part 4:   Treatment of Fees and Priority Claims

4.1    **General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2    **Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

4.3    **Attorney's fees.**

  a.    The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

  b.    If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

4.4    **Priority claims other than attorney's fees and those treated in § 4.5.**

The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domestic support obligations treated below, on a *pro rata* basis. If funds are available, the trustee is authorized to pay any allowed priority claim without further modification of the plan.

☐    **Domestic Support Claims**. 11 U.S.C. § 507(a)(1):

  a.    Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to _____ (state name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*

  b.    The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

  c.    Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

4.5    **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**
☑    **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

## Part 5:   Treatment of Nonpriority Unsecured Claims

5.1    **Nonpriority unsecured claims not separately classified.**
Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☐    The debtor estimates payments of less than 100% of claims.
☐    The debtor proposes payment of 100% of claims.
☑    The debtor proposes payment of 100% of claims plus interest at the rate of **5.25**%.

5.2    **Maintenance of payments and cure of any default on nonpriority unsecured claims.**
☑    **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3**     **Other separately classified nonpriority unsecured claims.**
      ☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

## Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**
      ☑ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

## Part 7: Vesting of Property of the Estate

**7.1**     **Property of the estate will vest in the debtor as stated below:**
    ☑ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession and use of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor.

    ☐ **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

## Part 8: Nonstandard Plan Provisions

**8.1**     **Check "None" or List Nonstandard Plan Provisions**
      ☑ **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

## Part 9: Signatures:

**9.1**     **Signatures of debtor and debtor attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

X  **/s/ Cornelius Aiken**                    X  _____
    **Cornelius Aiken**                           Signature of Debtor 2
    Signature of Debtor 1

    Executed on  **March 20, 2023**            Executed on  _____

X  **/s/ David C. Gaffney**                 Date  **March 20, 2023**
    **David C. Gaffney 10112**
    Signature of Attorney for debtor  DCID#

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

# United States Bankruptcy Court
### District of South Carolina

| | | | |
|---|---|---|---|
| In re | **Cornelius Aiken** | Case No. | **23-00035** |
| | Debtor(s) | Chapter | **13** |

## CERTIFICATE OF SERVICE

I hereby certify that on **March 22, 2023**, a copy of **Chapter 13 plan and notice of confirmation hearing** was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

**-James Wyman, ch 13 Trustee, via CMECF**

**US Trustee, via CMECF**

**See attached mailing matrix**

 

**/s/ David C. Gaffney**
**David C. Gaffney 10112**
**Gaffney Law Firm, P.A.**
**P.O. Box 3966**
**West Columbia, SC 29171-3966**
**803-781-0500    Fax:803-454-9900**
**david@gaffneylawfirm.com**

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0420-2<br>Case 23-00035-eg<br>District of South Carolina<br>Charleston<br>Tue Mar 21 11:30:51 EDT 2023 | (p)HEIGHTS FINANCE DBA FIRST HERITAGE<br>ATTN FH BK<br>PO BOX 1947<br>GREENVILLE SC 29602-1947 | (p)WAKEFIELD & ASSOCIATES<br>PO BOX 51272<br>KNOXVILLE TN 37950-1272 |
| Cornelius Aiken<br>1102 Torch Pines Road<br>Ladson, SC 29456-3108 | Berkeley County Tax Collector<br>Berkeley County<br>PO Box 6122<br>Moncks Corner SC 29461-6120 | Berkeley County Treasurer<br>PO box 6122<br>Moncks Corner SC 29461-6120 |
| Equifax Information Services LLC (www)<br>Po Box 740256<br>Atlanta GA 30374-0256 | Experian (www dispute)<br>PO Box 2002<br>Allen TX 75013-2002 | David C. Gaffney<br>Gaffney Law Firm, P.A.<br>PO Box 3966<br>West Columbia, SC 29171-3966 |
| Heights Finance DBA First Heritage<br>Attn: BK<br>P.O Box 1497<br>Greenville, SC 29602 | Internal Revenue Service (p)<br>Centralized Insolvency Operation<br>PO Box 7346<br>Philadelphia PA 19101-7346 | LVNV Funding LLC<br>c/o Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | RUSHMORE LOAN MANAGEMENT SERVICES LLC<br>PO Box 55004<br>Irvine, CA 92619-5004 | (p)REPUBLIC FINANCE LLC<br>282 TOWER RD<br>PONCHATOULA LA 70454-8318 |
| S.C. Department of Revenue<br>GEAR<br>300A Outlet Pointe Boulevard<br>Columbia SC 29210-5666 | S.C. Department of Revenue<br>PO Box 12265<br>Columbia SC 29211-2265 | (p)SOUTHERN MANAGEMENT<br>PO BOX 1947<br>GREENVILLE SC 29602-1947 |
| Sunset Finance of Orangeburg<br>929 Chestnut St.<br>Orangeburg SC 29115-3505 | Trans Union Consumer Solutions (www)<br>PO Box 2000<br>Chester PA 19016-2000 | Trident Regional Medical Center<br>Resurgent Capital Services<br>PO Box 1927<br>Greenville, SC 29602-1927 |
| US Trustee's Office<br>Strom Thurmond Federal Building<br>1835 Assembly Street<br>Suite 953<br>Columbia, SC 29201-2448 | U.S Bank National Association<br>c/o Rushmore Loan Management Services<br>PO Box 55004<br>Irvine, CA 92619-5004 | World Finance Corporat<br>Po Box 6429<br>Greenville SC 29606-6429 |
| James M. Wyman<br>PO Box 997<br>Mount Pleasant, SC 29465-0997 | Brian Yoho<br>1221 Main Street, 14th Floor<br>Columbia, SC 29201-6224 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| 1st Heritage Credit<br>1706 Old Trolley Rd<br>Ste E, Summerville SC 29485 | ACS Primary Care Physicians Southeast SC<br>c/o Wakefield Associates INC<br>PO BOX 50250<br>Knoxville TN 37950 | Republic Finance<br>282 Tower Rd<br>Ponchatoula LA 70454 |
| (d)Republic Finance<br>Attn: Bankruptcy<br>9730 Dorchester Rd, Unit 205<br>Summerville SC 29485 | (d)Republic Finance, LLC<br>282 Tower Rd<br>Ponchatoula, LA 70454 | Southern Finance/SMC<br>Attn: Bankruptcy<br>Po Box 1947<br>Greenville SC 29602 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)U.S Bank National Association, not in its | (d)U.S. Bank National Association<br>c/o Rushmore Loan Management Services<br>PO BOX 55004<br>Irvine CA 92619-5004 | End of Label Matrix<br>Mailable recipients    25<br>Bypassed recipients     2<br>Total                  27 |